UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JI XU,

                            Plaintiff,

   -against-

THE CITY UNIVERSITY OF NEW YORK (CUNY),
LAGUARDIA COMMUNITY COLLEGE (LAGCC),

                           Defendants.
-----------------------------------------------------------------X

**ORDER**
**23 CV 9506 (RPK)(LB)**

**BLOOM, United States Magistrate Judge:**

      On March 6, 2025, *pro se* plaintiff requested pro bono counsel in her discrimination case brought pursuant to Title IX. ECF No. 33. This case arises out of plaintiff's claim that when she was enrolled in the City University of New York's LaGuardia Community College Nursing Program, defendants discriminated against her. ECF No. 4. Defendant denies the allegations.

      There is no constitutionally guaranteed right to counsel in a civil case, even for litigants granted leave to proceed *in forma pauperis*. Leftridge v. Conn. State Trooper Officer #1283, 640 F.3d 62, 68-69 (2d Cir. 2011). Although the Court would prefer all civil litigants to have the assistance of counsel, that is not what the Constitution provides. The Court denied plaintiff's request because she did not meet and still does not meet the likelihood of merit standard. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also Palacio v. City of New York, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007) (affirming Magistrate Judge's denial of motion for pro bono counsel where plaintiff's claims do "not justify using the scarce resource of volunteer lawyers.") (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001)).

      Plaintiff moves for reconsideration of this denial. ECF No. 35. The motion is denied. Plaintiff fails to demonstrate a basis for this "extraordinary remedy." R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "The standard for granting a motion for reconsideration

of a judgment or order is strict, and reconsideration will generally be denied unless the moving party can point to…matters…that might reasonably be expected to alter the conclusion reached by the court." <u>Commerzbank AG v. U.S. Bank, N.A.</u>, 100 F.4th 362, 377 (2d Cir. 2024). Plaintiff provides no new matter to alter the Court's prior order. Plaintiff fails to establish a basis for the Court to request pro bono counsel in this case.

SO ORDERED.

                                                    /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: March 13, 2025
       Brooklyn, New York