UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JI XU,

                     Plaintiff,

    -against-

THE CITY UNIVERSITY OF NEW YORK (CUNY),
LAGUARDIA COMMUNITY COLLEGE (LAGCC),

                     Defendants.
------------------------------------------------------------------X

**ORDER**
**23 CV 9506 (RPK)(LB)**

**BLOOM, United States Magistrate Judge:**

      On March 6, 2025, *pro se* plaintiff requested pro bono counsel in her discrimination case against defendants brought pursuant to Title IX. ECF No. 33. The Court denied plaintiff's request and stated there is no constitutionally guaranteed right to counsel in a civil case, even for litigants granted leave to proceed *in forma pauperis*. Leftridge v. Conn. State Trooper Officer #1283, 640 F.3d 62, 68-69 (2d Cir. 2011). Although the Court would prefer all civil litigants to have the assistance of counsel, that is not what the Constitution requires. See ECF No. 34.

      Plaintiff moved for reconsideration of this Order. ECF No. 35. Plaintiff failed to raise new matter which would alter the Court's prior order and the Court denied the motion for reconsideration. ECF No. 36. Plaintiff failed to establish a basis for reconsideration which is an "extraordinary remedy." R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The Court explained in its Order that, "[t]he standard for granting a motion for reconsideration of a judgment or order is strict, and reconsideration will generally be denied unless the moving party can point to…matters…that might reasonably be expected to alter the conclusion reached by the court." Commerzbank AG v. U.S. Bank, N.A., 100 F.4th 362, 377 (2d Cir. 2024).

Now plaintiff moves for reconsideration again.[1] ECF No. 39. Although plaintiff states she "meets the likelihood of merit standard," she again provides no new matter to warrant the extraordinary remedy of reconsideration. Plaintiff's motion is denied.

SO ORDERED.

                                              /S/
                              LOIS BLOOM
                              United States Magistrate Judge

Dated: March 24, 2025
       Brooklyn, New York

---

[1] Between the time plaintiff's last motion for reconsideration was denied and this motion, defendants moved to compel plaintiff to sit for her deposition. ECF No. 37. The Court explained that defendants have the right to depose plaintiff and directed plaintiff to respond to defendants' motion by March 28, 2025. ECF No. 38. Instead of a response, plaintiff filed the instant motion for reconsideration. This does not respond to defendants' motion. Plaintiff shall respond to defendants' motion by March 28, 2025. If plaintiff does not respond to defendants' motion, the Court will select a date and order plaintiff to appear for her deposition.