UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JI XU,

                       Plaintiff,

   -against-

THE CITY UNIVERSITY OF NEW YORK (CUNY),
LAGUARDIA COMMUNITY COLLEGE (LAGCC),

                       Defendants.
----------------------------------------------------------------X

**ORDER**
**23 CV 9506 (RPK)(LB)**

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff moves for recusal alleging that she "was not allowed to freely and fully express her opinions…" ECF No. 47.[1] Plaintiff raises that English is not her native language and her use of an interpreter was interrupted,[2] that the Court denied her motion to appoint *pro bono* counsel and motions for reconsideration, ECF Nos. 36, 38, 40, and that the Court denied her motion for an extension of time to complete discovery. ECF No. 43.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). My rulings denying her motions to appoint counsel, for reconsideration, and for an extension of time to complete discovery[3] do not raise any inference of bias or impartiality. Plaintiff fails to demonstrate a basis for recusal under 28 U.S.C. § 455, therefore her motion is denied.

---

[1] Plaintiff rests a number of arguments on the fact that she never consented to Magistrate Judge Jurisdiction. ECF No. 47. The Honorable Rachel P. Kovner is the presiding judge in this case. By Local Rule 72.1, Magistrate Judges supervise all pretrial matters.

[2] The Court notes that plaintiff's interpreter is her uncle who is not a certified Mandarin interpreter and the Court allowed him to interpret at every conference in this case and directed him to interpret the proceeding word for word. See ECF Nos. 20, 31.

[3] The Court granted the parties' second request for an extension of time to complete discovery on January 29, 2025 and warned the parties that no further extensions of time shall be granted. ECF No. 31. Plaintiff's motion to extend the time to complete discovery was filed on March 30, 2025 one day before the deadline to complete all discovery. ECF No. 43.

Finally, plaintiff states that she filed a Consent to Electronic Notification, but she has not received any notifications. ECF No. 32. The Clerk of Court confirms that Orders have been emailed to xuji0630@gmail.com. This is the email on plaintiff's consent form. The Clerk of Court is respectfully directed to both email and mail plaintiff a copy of this Order. Plaintiff shall file a letter confirming whether this email is correct.

As plaintiff's deposition is complete, discovery is now closed. Although the Court denies plaintiff's motion for recusal, any premotion conference request shall be made to Judge Kovner by May 15, 2025. See ECF No. 44.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 2, 2025
Brooklyn, New York